IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LOUIS LEONA STAUNTON, JR., #A0110394, | ) ) | CIVIL NO. 19-00408 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(a) |
| vs. | ) ) | |
| SCOTT HARRINGTON, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**<u>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(a)</u>**

Before the court is pro se Plaintiff Louis Leona Staunton, Jr.'s, prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Staunton alleges Defendants the Hawaii Department of Public Safety ("DPS"), Halawa Correctional Facility ("HCF") Warden Scott Harrington, Saguaro Correctional Center ("SCC") Warden Thomas, Core Civic of America, and Trans Core of America (collectively, "Defendants"),[1] violated his civil rights under the Eighth Amendment when he transferred from SCC to HCF.

---

[1] CoreCivic operates SCC, which is a private prison located in Eloy, Arizona. *See* https://en.wikipedia.org/wiki/CoreCivic. TransCor is a private prisoner transportation agency. *See* https://transcor.com.

For the following reasons, the Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Staunton may file an amended pleading on or before September 9, 2019.

## I. **STATUTORY SCREENING**

The court must conduct a pre-Answer screening of all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *Id.* at 678 (citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully- harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it requires factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

(citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[2]

In Counts I-III Staunton checks "Threat to safety" and "Medical care," as the basis of his claims. Compl., ECF No. 1, at PageID #3, 5, 6. Staunton states:

> Upon my return to Hawaii from CCA Correctional Facility in Arizona, while exiting the bus here at [HCF], I sustained a substantial fall.
>
> Due to the flawed design in the seatbelt restraints my ankles became twisted and entangled. Unable to break my fall, and with no assistance from the nearest SORT team member, I fell face first unto the concrete surface.
>
> I received a large gash above my right eye brow, numerous bruises and abrasions and whiplash to my neck area.
>
> I was immediately transported to the Pali Momi Hospital emergency for stitches to treat my injury.

*Id.*, at PageID #11. Staunton seeks compensatory and punitive damages.

---

[2] On screening, Staunton's facts are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

# III.  **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 also requires an actual connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  A plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.

## A.    **Eighth Amendment**

To prove a violation of the Eighth Amendment a plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a

subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir.2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. *Thomas*, 611 F.3d at 1152. Prison officials must take reasonable measures to guarantee the safety of the inmates. Deliberate indifference requires a state of mind derived from criminal recklessness; that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009).

Not every injury that a prisoner sustains while in prison represents a constitutional violation, however. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (quoting *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Neither

6

accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### 1. *Staunton's Fall*

First, Staunton fails to explain how SCC Warden Thomas or CoreCivic are connected to or responsible for his fall. He disembarked from the bus at HCF in Hawaii, which strongly suggests that he was in the custody of the Hawaii Department of Public Safety and no longer under the control or custody of SCC Warden Thomas or CoreCivic.

Second, Staunton alleges no facts showing that any Defendant acted with deliberate indifference to his safety when he exited the bus. He does not explain how the seatbelt was "flawed" to the extent that it posed an objective excessive risk of harm to his or any other inmate's safety or that any Defendants were subjectively aware of that alleged flaw. Compl., ECF No. 1, at PageID #12. Nor does he allege that he had mobility issues of which Defendants were aware that would make it unsafe for him to exit the bus while restrained without assistance. Prisoners are often required to maneuver on stairs while wearing restraints, but this scenario, without more, does not transform an accident into a civil rights violation.

*See, e.g., Jones v. Meddly*, 2019 WL 3302358, at *8 (E.D. Cal. July 23, 2019) (granting summary judgment on inmate's deliberate indifference claim that he fell descending metal steps while wearing restraints); *Gray v. Warm Springs Corr. Ctr.*, 2013 WL 4774632, at *4 (D. Nev. Sept. 4, 2013) (dismissing prisoner's claim because he "plead no facts indicating that any defendant was aware of an excessive risk that Plaintiff would fall down the stairs, e.g., based on past incidents," and noting that "even though the risk of tripping naturally increases" when an inmate is shackled, it is not deliberate indifference); *Denton v. Bala*, 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013) ("[L]arge numbers of people regularly climb and descend stairs without holding arm-rails, and large numbers of people regularly climb and descend stairs with their arms restricted (e.g., by holding packages, children, etc.) – all without falling," and therefore, "requiring the handcuffed inmate to descend a flight of stairs did not present an objectively serious condition required for an Eighth Amendment claim."); *Curry v. Tilton*, 2012 WL 967062, at *14 (N.D. Cal. Mar. 21, 2012) ("Requiring an inmate to descend stairs while in waist restraints does not deny him the minimal civilized measure of life's necessities.").

Nothing indicates that Defendants were aware of a substantial risk that Staunton would fall while exiting the bus simply because he was in restraints.

Staunton's claim that Defendants were deliberately indifferent by failing to assist him while exiting the bus is DISMISSED with leave granted to amend.

### 2. *Alleged Denial of Medical Care*

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

After he fell, Staunton was "immediately" taken to Pali Momi Medical Center, where he received treatment for his injuries and stitches for a large gash on his right eyebrow. Compl., ECF No. 1, at PageID #12. Accepting that Staunton's injuries constitute a serious medical need, he fails to allege facts showing that any Defendant acted with deliberate indifference to that need. Staunton's claim that Defendants denied him medical care is DISMISSED with leave granted to amend.

### B. Supervisory Liability

To state a claim against a supervisor under § 1983, a plaintiff must establish that each "[g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "That means the inmate[] must show that each defendant personally played a role in violating the

9

Constitution." *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019). A prison "official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Thus, a "supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018)).

A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (internal quotation marks and citations omitted) (alterations in original). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

10

Staunton alleges no causal connection between SCC Warden Thomas and HCF Warden Harrington and his fall or the alleged denial of medical care thereafter. He apparently names them based solely on their positions as Wardens at SCC and HCF. An individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Staunton does not allege that Thomas or Harrington were aware that the bus' allegedly faulty seatbelt posed an excessive threat to his safety. He describes no personal action or inaction that Thomas or Harrington took or failed to take that would have prevented his fall. He does not explain how any prison employee's training was deficient nor allege a policy that either warden promulgated that resulted in his fall. Staunton's "'naked assertion[s]' devoid of 'further factual enhancement'" fail to state a colorable claim for relief against Warden Thomas and Warden Harrington and claims against them are DISMISSED with leave to amend. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend those claims that are dismissed without prejudice on or before September 9, 2019. The amended pleading must address and cure the deficiencies noted above. Staunton

may not expand his claims beyond those already alleged or add new claims, without explaining how any new claims relate to the claims alleged in the original Complaint.

Staunton must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Staunton fails to timely file an amended complaint that cures the deficiencies in his claims noted in this Order, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[3]

---

[3] 28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V. CONCLUSION

(1) The Complaint is DISMISSED for the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Staunton may file an amended pleading on or before September 9, 2019. Failure to timely file an amended pleading that cures the deficiencies discussed herein may result in dismissal of this action without further notice and result in a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to send Staunton a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, August 9, 2019.



Jill A. Otake
United States District Judge

*Staunton v.Dep't of Public Safety, et al.*, No. 1:19-cv-00408 JAO-RT; Scrng '19 Staunton19-408 jao (8A trip from bus in restraints)