IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LOUIS LEONA STAUNTON, JR., #A-0110394, | ) ) | Civ. No. 19-00408 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. |
| vs. | ) ) ) | §§ 1915(e)(2) AND 1915A(b)(1) |
| SCOTT HARRINGTON, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1)**

Before the Court is pro se Plaintiff Louis Leona Staunton, Jr.'s

("Staunton['s]"), second amended prisoner civil rights complaint ("SAC"), ECF

No. 7, brought pursuant to 42 U.S.C. § 1983. Staunton alleges that Defendants[1]

---

[1] Staunton names "Correction Corporation of America, Parent Company of . . . Core Civic – Saguaro Correctional Center [in] Eloy, Arizona," "Trans Core of America," and State of Hawai'i Department of Public Safety ("DPS") Mainland Branch administrator Shari L. Kimoto (collectively, "Defendants"). *See* SAC, ECF No. 7 at 1–2; ECF No. 7-1 at 8.\* The Court refers to the corporate Defendants by their proper titles, "TransCor" and "CoreCivic." *See* https://transcor.com (stating TransCor is a prisoner/detainee transportation company that is owned and operated by CoreCivic (formerly named Core Civic of America)).

\* The Court refers to the pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files system ("CM/ECF").

violated his civil rights during his transfer from the Saguaro Correctional Center ("SCC"), located in Arizona, to the Halawa Correctional Facility ("HCF"), located in Hawaiʻi, when he fell exiting a TransCor bus.

For the following reasons, the SAC and this action are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for Staunton's repeated failure to state a colorable claim for relief.

## I. STATUTORY SCREENING

The Court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged in the complaint support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.* (citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND

Staunton originally alleged that his legs became entangled with a poorly designed seat restraint when he exited a TransCor bus on arrival at HCF after his transfer from SCC. *See* Compl., ECF No. 1. He claimed that he was unable to break his fall due to these allegedly faulty restraints and that he was substantially injured. Staunton was immediately taken to the Pali Momi Hospital emergency room and treated for his injuries. He alleged that the restraints posed a foreseeable threat to his safety and that he was denied appropriate medical care.

On August 12, 2019, the Court dismissed Staunton's original Complaint for his failure to state a colorable claim for relief against any Defendant, with leave granted to amend. *See* Order, ECF No. 4. Staunton was given directions regarding the deficiencies in his claims and cautioned that any amended pleading must "be complete in itself without reference to any prior pleading." *Id.* at 12.

On September 5, 2019, Staunton filed the first amended complaint ("FAC"). ECF No. 5. He again alleged that he fell exiting a TransCor bus on arrival at HCF, "due to the flawed design in the seatbelt restraints," and stated that the guards failed to assist him down the steps, which he alleged contributed to his injury. *Id.* at 12. Staunton claimed that he was denied adequate medical care after his fall because (1) Pali Momi's doctors would have provided Percocet or Vicodin for

4

pain relief, but the HCF medical unit only provided Tylenol with codeine; and (2) a "concussion protocol" was not followed, which requires an MRI, CAT scan, or at a minimum, 24-hour observation at a hospital. *Id.* at 21.

On November 15, 2019, the Court dismissed the FAC for Staunton's failure to state a colorable claim for relief against any Defendant. *See* Order, ECF No. 6. The Court dismissed with prejudice all claims against TransCor, SCC Warden Todd Thomas, and HCF, official capacity claims for damages against HCF Warden Scott Harrington, and claims for prospective injunctive relief. All other claims were dismissed with leave granted to amend. The Court again explained the pleading deficiencies in Staunton's claims and notified him that an amended pleading must stand on its own without reference to a prior pleading.

On December 16, 2019, Staunton filed the SAC. Staunton names CoreCivic, TransCor, and DPS Mainland Branch administrator Shari L. Kimoto ("Kimoto") only, apparently waiving his claims against all other previously named defendants. *See* SAC, ECF No. 7 at 1–2; ECF No. 7-1 at 8. The SAC contains no claims and makes no sense without reference to the allegations in the original Complaint and FAC. It consists mainly of definitions regarding civil rights and negligence actions, and citations to case law, federal and state statutes, the

5

Constitution, the "Prisoners Self-Help Litigation Manual," and the Court's prior orders. ECF No. 7-1 at 7.

Staunton says Defendants "violated his civil rights during [his] transfer from S.C.C. to Hawaii when he fell after exiting the bus upon arrival at H.C.F. on November of 2018." *Id.* at 1 (some capitalization omitted). He alleges that he sustained a gash above his right eye that required internal and external stitches, and whiplash. He provides no further context regarding his fall, the alleged denial of adequate medical care thereafter was by Defendants, or Defendants' alleged connection to this accident. Staunton seeks compensatory and punitive damages, and commutation of his life with parole sentence to time served.

### III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Eleventh Amendment Immunity**

Staunton names Defendants in their official capacities only, seeking damages and prospective injunctive relief in the form of commutation of his sentence and release from prison. "The Eleventh Amendment bars suits for money

6

damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166 (emphasis omitted).

Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, No. 12-00137 HG-BMK, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

First, the Court has already dismissed all claims against TransCor with prejudice because it cannot be considered a "person" within the meaning of § 1983, even if it was operating as an agency of the State of Hawai'i. *See* Order,

ECF No. 6 at 8.  This reasoning applies equally to CoreCivic.  Claims against these Defendants are thus DISMISSED with prejudice.

Second, Staunton does not allege an *ongoing* violation of federal law, *see Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)), and commutation of his sentence and release from prison are not available forms of prospective injunctive relief in this civil rights action.  *See Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) ("Habeas is the exclusive remedy for the prisoner who seeks 'immediate or speedier release' from confinement." (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005))).  Staunton's claims for prospective injunctive relief are DISMISSED with prejudice.

Finally, Staunton names Kimoto in her official capacity only, and therefore, fails to state a claim for damages against her.  Thus, Staunton fails to state a claim for damages *or* prospective injunctive relief against all Defendants in their official capacities and these claims are DISMISSED with prejudice.

**B.    Eighth Amendment**

Reading Staunton's claims with reference to his previously dismissed pleadings and liberally construing them, he alleges that Defendants violated the Eighth Amendment by failing to prevent his fall from the TransCor bus or provide him adequate medical care thereafter.

To prove a violation of the Eighth Amendment a plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety" and that there was no "'reasonable' justification for the deprivation, in spite of that risk." *Id.* (footnotes omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. *See id.* at 1152. Deliberate indifference requires a state of mind derived from criminal recklessness; that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009).

"If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (brackets omitted) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t

9

is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to that need was deliberately indifferent. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### 1. *No Personal Involvement Alleged*

To state a claim under § 1983, an "inmate[] must show that each defendant personally played a role in violating the Constitution." *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) (footnote omitted). That is, a prison "official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

Even when reading the SAC with reference to the allegations in the original Complaint and FAC, Staunton fails to show that Kimoto or any TransCor or CoreCivic official in their individual capacities were personally, subjectively aware that the allegedly poorly designed seat restraints posed a threat to Staunton's safety and failed to act on that threat with deliberate indifference to his

safety. He also fails to allege any facts showing that Defendants were personally involved in the alleged denial of medical care after the fall.

### 2. *No Supervisory Liability Alleged*

Presuming Kimoto is named based on her alleged position as a supervisor of Hawai'i prisoners incarcerated on the Mainland, Staunton fails to state a claim against her. Absent personal involvement in a civil rights deprivation, a supervisor can only be found liable if "there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)). A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207–08 (alterations in original) (internal quotation marks and citations omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous

indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

Staunton alleges no facts showing a causal connection between his fall from the bus, alleged denial of medical care, and Kimoto. That is, he alleges nothing showing that she knew about the allegedly defective seat restraints or ordered others to use those restraints despite that knowledge, or that she failed to train, supervise, or control the guards who were personally involved in the accident. He also alleges nothing that shows she was aware of his serious medical condition and ordered others to deny him appropriate medical care.

To be clear, nothing in the Complaint, FAC, or SAC supports a finding that Kimoto had any supervisory control over the TransCor bus or guards, or any personal involvement in Staunton's medical care after the fall. Staunton's claims against Kimoto are DISMISSED.

### 3. *Failure to State Any Colorable Claim*

Finally, as the Court has explained twice, requiring an inmate to descend stairs while he is wearing restraints, without more facts showing deliberate indifference, does not equate to a civil rights violation. *See, e.g.*, *Jones v. Meddly*, Case No. 1:17-cv-00109-SAB (PC), 2019 WL 3302358, at *8 (E.D. Cal. July 23, 2019) (granting summary judgment on inmate's constitutional claim that he fell

descending metal steps while wearing restraints); *Gray v. Warm Springs Corr. Ctr.*, No. 2:13-cv-00901-RCJ-VCF, 2013 WL 4774632, at *4 (D. Nev. Sept. 4, 2013) (dismissing prisoner's claim because he "ple[d] no facts indicating that any defendant was aware of an excessive risk that [he] would fall down the stairs, e.g., based on past incidents," and noting that "even though the risk of tripping naturally increases" when an inmate is shackled, it is not deliberate indifference); *Denton v. Bala*, No. C 13-1374 SI (pr), 2013 WL 2931897, at *3 (N.D. Cal. June 13, 2013) (stating that,"requiring the handcuffed inmate to descend a flight of stairs," without more facts showing defendants' deliberate indifference, is insufficient to state an Eighth Amendment violation); *Curry v. Tilton*, No. C-07-0775 EMC (pr), 2012 WL 967062, at *14 (N.D. Cal. Mar. 21, 2012) ("Requiring an inmate to descend stairs while in waist restraints does not deny him the minimal civilized measure of life's necessities.").

Staunton again fails to allege any facts showing that Defendants were aware of the allegedly faulty design of the seatbelt restraints, therefore knew that they posed an excessive risk of harm, and did nothing to prevent that risk with deliberate indifference to his (or other inmates') safety.

Moreover, Staunton's allegation pertaining to the alleged denial of medical care, as stated in the FAC, is that Pali Momi physicians *may* have prescribed him a

13

different pain medication than that available at HCF. As the Court previously held, this allegation fails to show that any individual made a medically unacceptable choice regarding the medication Staunton was given with conscious disregard to an excessive risk to his health. *See Snow v. McDaniel*, 681 F.3d 978, 987–88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014) (internal quotation marks and citation omitted). Staunton again alleges no facts showing that the HCF medical unit failed to respond to his pain, or that they prescribed him Tylenol with codeine knowing that it posed an excessive risk to his health or was ineffective for his condition. This same reasoning applies to Staunton's claim that due to potential internal injuries, he at least should have been retained by the hospital for 24 hours for observation there. Indeed, Staunton does not allege that the HCF medical unit failed to adequately monitor him.

Staunton fails to state an Eighth Amendment claim against any Defendant regarding his fall from the TransCor bus in November 2018 and the alleged denial of medical care for the injuries he sustained. Because Staunton has had three opportunities to properly allege sufficient facts to support this claim and is unable to do so, the SAC and this action are DISMISSED with prejudice.

## IV. **28 U.S.C. § 1915(g)**

Staunton is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Section 1915(g) bars a prisoner from proceeding in forma pauperis in a civil action:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

//

//

//

//

//

//

//

//

//

15

## V. CONCLUSION

The Second Amended Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for Staunton's failure to state a colorable claim for relief. Because Staunton has had three opportunities to state a colorable claim for relief and is unable to do so, this dismissal is with prejudice and may later constitute a strike under 28 U.S.C. § 1915(g). The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 10, 2020.

Jill A. Otake
United States District Judge

*Staunton v. Dep't of Public Safety, et al.*, No. 1:19-cv-00408 JAO-RT; Scrng '20 (dsml SAC and Action)